| | |
|---|---|
| THUNDERSHIRT, LLC d/b/a THUNDERWORKS, <br><br>    Plaintiff, <br><br>v. <br><br>CENTRAL GARDEN & PET COMPANY, <br><br>    Defendant. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff THUNDERSHIRT, LLC d/b/a THUNDERWORKS ("ThunderWorks" or "Plaintiff") brings this action pursuant to 35 U.S.C. § 1 *et seq.*, 15 U.S.C. § 1125, and North Carolina General Statutes § 75 *et seq.*, seeking injunctive relief and damages against Defendant CENTRAL GARDEN & PET COMPANY ("Central Garden" or "Defendant") for patent infringement, trade dress infringement, unfair competition, and unfair and deceptive trade practices, and alleges as follows:

## PARTIES

1. Plaintiff is a limited liability company organized under the laws of the State of Delaware, having a place of business at 905 Jackie Robinson Drive, Durham, North Carolina 27701.

2. On information and belief, Defendant is a public corporation organized under the laws of the State of Delaware, having a place of business at 1340 Treat Boulevard, Suite 600, Walnut Creek, California 94597.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1367.

4. This Court has personal jurisdiction over Defendant consistent with principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4.

5. Defendant is registered with the North Carolina Secretary of State to do business within this State and District. A printout of Defendant's business registration is attached hereto at <u>Exhibit A</u>.

6. On information and belief, Defendant has regularly and intentionally conducted business in this State and District, and is subject to personal jurisdiction in this State and District by virtue of its contacts here.

7. On information and belief, Defendant has conducted business in this State and District by, *inter alia*, offering for sale and selling products, providing interactive websites, and otherwise engaging in business activities within this State and District, including maintaining a distribution center and an office in this District. A printout of Defendant's "About Us" web page, located at www.central.com/about-us/who-we-are, showing Defendant's locations in this District is attached hereto at <u>Exhibit B</u>.

8. On information and belief, Defendant's products are offered for sale to customers residing in this State and District and have been sold to customers in this State and District.

9. On information and belief, Defendant has knowingly sent infringing products to purchasers in this State and district, and are placing infringing products into the stream of commerce with knowledge, or reasonable foreseeability, that a termination point of the stream is this State and District.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

11. Plaintiff is in the business of marketing and selling pressure-applying pet garments, among other pet-calming and related products. In the United States, Plaintiff is one of the largest suppliers of branded pressure-applying pet garments.

12. Among Plaintiff's products are pressure-applying pet garments sold under the THUNDERSHIRT mark, including those sold under the THUNDERSHIRT CLASSIC mark. These pressure-applying pet garments are widely recognized as an effective calming solution for dogs and cats suffering from anxiety, fear, over-excitement, and other pet issues that are alleviated by calming.

13. Plaintiff has adopted a distinctive design (the "THUNDERSHIRT Trade Dress") for its THUNDERSHIRT CLASSIC pressure-applying pet garments, which trade dress is comprised of a grey color used on the fabric from which the THUNDERSHIRT CLASSIC pressure-applying pet garments are constructed.

14. The THUNDERSHIRT Trade Dress is inherently distinctive and/or has acquired distinctiveness through secondary meaning as a branding device for Plaintiff's THUNDERSHIRT CLASSIC products.

15. On information and belief, at the time Plaintiff adopted the THUNDERSHIRT Trade Dress, no other manufacturer, marketer, or retailer sold pressure-applying pet garments in the United States having the elements of the THUNDERSHIRT Trade Dress.

16. Plaintiff sells pressure-applying pet garments using the THUNDERSHIRT Trade Dress in numerous retail stores throughout the United States and through numerous online retailers accessible from throughout the United States.

17. By virtue of its continuous and extensive use of the THUNDERSHIRT Trade Dress in commerce since at least as early as May 2009, Plaintiff owns common law rights in its THUNDERSHIRT Trade Dress.

18. Through the extensive, continuous use and promotion of the THUNDERSHIRT Trade Dress, Plaintiff has developed substantial goodwill in that trade dress, and the THUNDERSHIRT Trade Dress is associated exclusively with the pressure-applying pet garments offered by Plaintiff under the THUNDERSHIRT CLASSIC name.

19. Plaintiff is also the owner of all right, title, and interest in and to United States Patent No. 8,459,211 ("the '211 Patent") entitled "Pressure-Applying Garment for Animals." The sole inventor named on the face of the '211 Patent is Philip J. Blizzard, who is the founder of Plaintiff. A true and correct copy of the '211 Patent is attached hereto at Exhibit C.

20. The '211 Patent was duly and lawfully issued by the United States Patent and Trademark Office on June 11, 2013. The '211 Patent and all of its claims are presumed valid pursuant to 35 U.S.C. § 282.

21. Defendant is engaged in the business of making, importing, marketing, offering for sale, and/or selling pet garments, including Defendant's Comfort Zone Calming Vest garment, through pet supply retailers, such as Chewy, online marketplaces, such as Amazon, as well as Defendant's website specifically for the offering and sale of Comfort Zone products, located at www.comfortzone.com. Printouts of Defendant's Comfort Zone Calming Vest garment offered through Chewy, Amazon, and Defendant's Comfort Zone website are attached hereto at Exhibit D.

22. As shown by the information listed in the ICANN WHOIS database, Defendant is the owner and registrant of the domain name *comfortzone.com*. A printout of the WHOIS record is attached hereto at Exhibit E.

23. Defendant has been offering for sale and selling, and is currently offering for sale and selling, through established streams of commerce throughout the United States, including to customers and potential customers in this District, pet garments that infringe one or more claims of the '211 Patent, including Defendant's Comfort Zone Calming Vest garment.

24. The Comfort Zone Calming Vest garment offered and sold by Defendant copy the elements of the THUNDERSHIRT Trade Dress.

25. Defendant's Comfort Zone Calming Vest garments that copy the elements of the THUNDERSHIRT Trade Dress are marketed through the same channels of trade and to the same consumers as Plaintiff's products.

26. Defendant's intentional copying of the THUNDERSHIRT Trade Dress for pet garments that are similar to Plaintiff's pressure-applying pet garments is likely to cause consumers to be mistaken, confused, or deceived into thinking that that Defendant's pet garments are associated with, affiliated with, originate from, or are sponsored or endorsed by Plaintiff.

## CLAIM I
## INFRINGEMENT OF U.S. PATENT NO. 8,459,211

27. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

28. Products sold under the '211 Patent by Plaintiff have been properly marked pursuant to 35 U.S.C. § 287.

29. On information and belief, Defendant has made, offered for sale, and sold pet garments comprising a central portion having a longitudinal axis and including a front end, a rear

5

Case 3:18-cv-00168-FDW-DSC   Document 1   Filed 04/04/18   Page 5 of 10

end opposite the front end, a first side extending laterally in a first direction from the longitudinal axis, and a second side extending laterally in a second direction from the longitudinal axis, the second direction opposite the first direction; a first flap extending in the first direction from the first side of the central portion, the first flap including a free distal end, two opposing edges, an inside surface and an outside surface; and a second flap extending in the second direction from the second side of the central portion, the second flap including a free distal end, two opposing edges, an inside surface, and an outside surface, wherein when the garment is worn by the animal, the first flap and the second flap extend around the mid-body of the animal and fasten to each other such that the central portion and the fastened first and second flaps form a shape conforming to the outside of the mid-body of the animal, wherein the outside surface of one of the first flap or the second flap includes at least two first strips of one of hook fasteners or loop fasteners oriented in a first direction, and the inside surface of the other one of the first flap or the second flap includes at least two second strips of the other of hook fasteners or loop fasteners oriented in a second direction, and wherein when the garment is worn by the animal and the first flap and the second flap are fastened together, the first strips and the second strips are substantially perpendicular to each other.

30. On information and belief, Defendant manufactures, imports, offers for sale and/or sells its infringing pet garments within the United States.

31. On information and belief, Defendant has violated Plaintiff's patent rights through Defendant's activities with respect to at least Defendant's Comfort Zone Calming Vest garment.

32. Defendant has committed the acts of infringement complained of herein without the consent or authorization of Plaintiff and in derogation of 35 U.S.C. § 271. On information

6

and belief, Defendant's acts of infringement will continue unabated unless and until enjoined by this Court.

33. Defendant has harmed Plaintiff by virtue of Defendant's acts of infringement of the '211 Patent.

34. Plaintiff is entitled to damages from Defendant pursuant to 35 U.S.C. § 284 and injunctive relief from this Court pursuant to 35 U.S.C. § 283.

## COUNT II
## TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

35. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

36. The THUNDERSHIRT Trade Dress is nonfunctional and inherently distinctive.

37. Plaintiff established secondary meaning in the THUNDERSHIRT Trade Dress in connection with its pressure-applying pet garments before Defendant's first use of the THUNDERSHIRT Trade Dress on its Comfort Zone Calming Vest garments.

38. Defendant's use in commerce of a trade dress that is confusingly similar to the THUNDERSHIRT Trade Dress in connection with Defendant's pet garments constitutes a use in interstate commerce that is likely to cause confusion, mistake, or deception among consumers as to the source or origin of Defendant's pet garments, such that consumers may believe Defendant's pet garments are authorized, approved, licensed, or endorsed by Plaintiff, and/or that Defendant's pet garments are affiliated with Plaintiff and its THUNDERSHIRT pressure-applying pet garments.

39. Defendant's manufacture, distribution, offer for sale and/or sale of pet garments in trade dress that mimics the THUNDERSHIRT Trade Dress violates 15 U.S.C. § 1125(a).

40. On information and belief, Defendant has intentionally, knowingly, and willfully adopted and copied the THUNDERSHIRT Trade Dress.

41. As a result of Defendant's wrongful acts, Plaintiff is entitled to recover actual and treble damages, reasonable attorneys' fees, and costs pursuant to 15 U.S.C. § 1117.

42. Defendant's acts are also causing and continue to cause Plaintiff irreparable harm including the loss of consumer goodwill. On information and belief, the irreparable harm to Plaintiff will continue unabated unless and until enjoined by this Court.

## COUNT III
## UNFAIR AND DECEPTIVE TRADE PRACTICES
## UNDER N.C.G.S. § 75 *et seq*.

43. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

44. Defendant's acts as alleged herein have been willful, reckless, wanton, egregious, unfair, unethical, deceptive and unscrupulous.

45. Defendant's conduct, which is in or affecting commerce, constitutes unfair methods of competition and/or unfair and deceptive acts or practices, within the meaning of North Carolina General Statutes § 75-1.1 and North Carolina common law.

46. Plaintiff has been damaged by Defendant's conduct and is entitled to monetary and injunctive relief pursuant to North Carolina General Statutes § 75 *et seq*. and other applicable law, such as an award of monetary damages, including the amount of the actual losses caused to Plaintiff by Defendant's unfair competition, lost profits, disgorgement of the unfair gains and other unjust enrichment benefiting Defendant, attorneys' fees and costs pursuant to North Carolina General Statutes § 75-16.1, and treble damages pursuant to N.C. Gen. Stat. § 75-16, together with any and all amounts to be shown at trial.

WHEREFORE, Plaintiff prays for the entry of a judgment:

1. Holding that Defendant has infringed the '211 Patent;

2. Awarding Plaintiff damages adequate to compensate for all such unauthorized acts of infringement pursuant to 35 U.S.C. § 284;

3. Declaring this case as exceptional pursuant to 35 U.S.C. § 285;

4. Holding that Defendant has infringed Plaintiff's THUNDERSHIRT Trade Dress;

5. Holding that Defendant's infringement of the THUNDERSHIRT Trade Dress is willful in nature;

6. Awarding a monetary award to account for Defendant's infringement of the THUNDERSHIRT Trade Dress, including ordering Defendant to pay all actual damages suffered by Plaintiff as a result of infringing activities, pursuant to 15 U.S.C. §1117(a), and/or ordering Defendant to disgorge all profits attributable to Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

7. To the extent permitted by law, awarding a monetary award to account for Defendant's activities in violation of N.C. Gen. Stat. § 75-1.1 pursuant to N.C. Gen. Stat. 75-16.

8. Awarding Plaintiff treble damages, its attorneys' fees, and other costs and expenses to the extent permitted under the patent laws of the United States, the Lanham Act, and N.C. Gen. Stat. §§ 75-16 and 75-16.1.

9. Awarding Plaintiff pre- and post-judgment interest to the extent permitted by law;

10. Permanently enjoining Defendant from any further acts of infringement of Plaintiff's patent and trade dress rights; and

11. Awarding such other and further relief as this Court may deem just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Date: April 4, 2018                          Respectfully submitted,

/s/ Kathryn G. Cole
J. Mark Wilson
N.C. State Bar. No. 25763
Kathryn G. Cole
N.C. State Bar No. 39106
Minnie Kim
N.C. State Bar No. 46173
MOORE & VAN ALLEN PLLC
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(704) 331-1000
(704) 331-1159 (facsimile)
E-mail: markwilson@mvalaw.com
         katecole@mvalaw.com
         minniekim@mvalaw.com

*Attorneys for Plaintiff Thundershirt, LLC*