IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| THUNDERSHIRT, LLC d/b/a THUNDERWORKS, <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL GARDEN & PET COMPANY, <br><br> Defendant. | Case: 3:18-cv-00168- FDW-DSC <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT'S ANSWER AND COUNTERCLAIMS TO COMPLAINT

Defendant, CENTRAL GARDEN & PET COMPANY ("Defendant" or "Central Garden"), for its answer and counterclaims, responds to the allegations of Plaintiff's Complaint and alleges as follows:

### PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and those allegations are deemed denied.

2. Defendant admits that it is a public corporation organized under the laws of the State of Delaware, having a place of business at 1340 Treat Boulevard, Suite 600, Walnut Creek, California 94597.

### JURISDICTION AND VENUE

3. Defendant admits that Plaintiff alleges (1) an action for patent infringement under the patent laws of the United States, (2) an action for trade dress infringement and unfair competition under the trademark laws of the United States, and (3) an action for unfair and

1

deceptive trade practices under the laws of the State of North Carolina, but specifically denies any such alleged patent or trade dress infringement or unfair and deceptive trade practices. Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1367.

4. Defendant admits that personal jurisdiction over Defendant is consistent with principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4 for purposes of this action only.

5. Defendant admits that it is registered with the North Carolina Secretary of State to do business within this State and District and that a printout of Defendant's business registration appears to be attached to the Complaint as Exhibit A.

6. Defendant admits that it has regularly and intentionally conducted business in this State and District and is subject to personal jurisdiction in this State and District by virtue of its contacts here for purposes of this case only.

7. Defendant admits that it has conducted business in this State and District by, *inter alia*, offering for sale and selling products, providing interactive websites, and engaging in business activities within this State and District, including maintaining a distribution center and an office in this District. Defendant admits that Exhibit B to the Complaint is a printout of Defendant's "About Us" web page on March 28, 2018, located at www.central.com/about-us/who-we-are, showing Defendant's business locations in this District.

8. Defendant admits that Defendant's products are offered for sale to customers residing in this State and District and have been sold to customers in this State and District.

9. Defendant denies infringing the Plaintiff's asserted patent and alleged trade dress and therefore denies that Defendant has knowingly sent infringing products to purchasers in this

State and district and denies that Defendant is placing infringing products into the stream of commerce with knowledge, or reasonable foreseeability, that a termination point of the stream is this State and District.

10.     Defendant admits that venue is proper in this district pursuant to 28 U.S.C. § 1391. Defendant admits that venue may be proper in this district pursuant to 28 U.S.C. § 1400 but Defendant denies committing acts of infringement of the asserted patent.

**FACTUAL BACKGROUND**

11.     Defendant admits that Plaintiff is in the business of marketing and selling pressure-applying pet garments, among other pet-calming and related products and that, in the United States, Plaintiff is one of the largest suppliers of branded pressure-applying pet garments.

12.     Defendant admits that among Plaintiff's products are pressure-applying pet garments sold under the THUNDERSHIRT mark, including those sold under the THUNDERSHIRT CLASSIC mark. Defendant also admits that these pressure-applying pet garments are recognized as an effective calming solution for dogs and cats suffering from anxiety, fear, over-excitement, and other pet issues that are alleviated by calming.

13.     Defendant denies the allegations of paragraph 13.

14.     Defendant denies the allegations of paragraph 14.

15.     Defendant denies the allegations of paragraph 15.

16.     Defendant denies the allegations of paragraph 16.

17.     Defendant denies the allegations of paragraph 17.

18.     Defendant denies the allegations of paragraph 18.

19.     Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegation that it is also the owner of all right, title, and interest in and to United

States Patent No. 8,459,211 ("the '211 Patent") entitled "Pressure-Applying Garment for Animals," and that allegation is deemed denied.  Defendant admits that Philip J. Blizzard is the only inventor identified on the face of the '211 patent.  Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegation that Philip J. Blizzard is the sole inventor or that Philip J. Blizzard is the founder of Plaintiff, and those allegations are deemed denied.  Defendant admits that Plaintiff alleges that a copy of the '211 Patent is attached to the Complaint as Exhibit C but lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that a true and correct copy of the '211 Patent is attached as Exhibit C, and that allegation is deemed denied.

20. Defendant denies Plaintiff's allegation that the '211 Patent was duly and lawfully issued by the United States Patent and Trademark Office on June 11, 2013.  Plaintiff's allegation that the '211 Patent and all of its claims are presumed valid pursuant to 35 U.S.C. § 282 is a legal statement to which no response is required; however, Defendant denies that at least the asserted claim of the '211 Patent, claim 14, is valid and/or enforceable.

21. Defendant admits that it is engaged in the business of making, importing, marketing, offering for sale, and/or selling pet garments, including Defendant's Comfort Zone Calming Vest garment, through Chewy, Amazon, as well as Defendant's website specifically for the offering and sale of Comfort Zone products, located at www.comfortzone.com.  Defendant admits that printouts of Defendant's Comfort Zone Calming Vest garment offered through Chewy, Amazon, and Defendant's Comfort Zone website are attached to the Complaint as Exhibit D. Except as expressly admitted the allegations of paragraph 21 are denied.

22. Defendant admits the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

## <u>CLAIM I</u>
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,459,211

27. Defendant realleges and incorporates by reference its responses to the foregoing paragraphs.

28. Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegation that products sold under the '211 Patent by Plaintiff have been properly marked pursuant to 35 U.S.C. § 287, and the allegation is deemed denied.

29. Defendant admits that it has made, offered for sale, and sold pet garments comprising a central portion having a having a longitudinal axis and including a front end, a rear end opposite the front end, a first side extending laterally in a first direction from the longitudinal axis, and a second side extending laterally in a second direction from the longitudinal axis, the second direction opposite the first direction. Except as expressly admitted, the allegations of paragraph 29 are denied.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

## COUNT II
## ALLEGED TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION
## UNDER 15 U.S.C. § 1125

35. Defendant realleges and incorporates by reference its responses in the foregoing paragraphs.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

## COUNT III
## ALEGED UNFAIR AND DECEPTIVE TRADE PRACTICES
## UNDER N.C.G.S. § 75 *et seq*.

43. Defendant realleges and incorporates by reference its responses to the foregoing paragraphs.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

## PRAYER FOR RELIEF

47. Central Garden denies that Plaintiff is entitled to any relief or remedy from Central Garden, including any of the relief sought in Plaintiff's Prayer for Relief.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

48. Claim 1 and Counts II and III of Plaintiff's Complaint fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Noninfringement of the '211 Patent)

49. Central Garden has not infringed and is not infringing, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '211 patent, either directly or indirectly.

## THIRD AFFIRMATIVE DEFENSE
(Invalidity under 35 U.S.C. § 102 and/or 103)

50. The claims of the '211 patent are invalid under 35 U.S.C. § 102 and/or 103, including for, but not limited to, one or more of the following grounds: (1) the alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicants for the '211 patent; (2) the alleged invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the filing date of the application for the '211 patent in the United States; (3) the alleged invention was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicants for the '211 patent; (4) before the applicants' alleged invention, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it; and/or (5) if the alleged invention is not identically disclosed or described as set forth in Section 102, then the differences between the alleged invention and the prior art are such that the alleged invention as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which the subject matter of the alleged

invention pertains.

## FOURTH AFFIRMATIVE DEFENSE
(Invalidity under 35 U.S.C. § 112)

51. The claims of the '211 patent are invalid under 35 U.S.C. § 112, including for, but not limited to, one of the following grounds: (1) the specification of the '211 patent does not set forth a full, clear written description of the alleged inventions claimed in the patent; (2) the specification of the '211 patent does not enable a person of ordinary skill in the art to practice the alleged inventions without undue experimentation; and/or (3) the '211 patent does not point out and distinctly claim the subject matter which the applicants regard as their alleged inventions and are therefore indefinite.

## FIFTH AFFIRMATIVE DEFENSE
(Prosecution History Estoppel)

52. As a result of the admissions, representations, and/or amendments made during the prosecution of the application that resulted in the issuance of the '211 patent by or on behalf of the applicants in order to obtain the issuance of the '211 patent, Plaintiff is estopped from asserting or obtaining any construction of any claim of the '211 patent that would result in any claim covering any method or system used by Central Garden and/or its customers.

## EIGHT AFFIRMATIVE DEFENSE
(Limitation on Recovery of Damages - Notice)

53. Upon information and belief, Plaintiff's claim for damages is limited or barred by 35 U.S.C. § 287 for failure to comply with any applicable provisions thereof.

## NINTH AFFIRMATIVE DEFENSE
(Lack of Acquired Distinctiveness or Secondary Meaning)

54. The alleged trade dress asserted by Plaintiff has not acquired distinctiveness during its short time of use and comprises only a gray fabric color not limited to any design or

location or any particular shade of gray. The trade dress asserted by Thundershirt has not been promoted or used exclusively by Plaintiff to indicate that Plaintiff is the sole source of pressure-applying pet garments bearing the alleged trade dress elements. Plaintiff manufacturers and sells pressure-applying pet garments bearing different colors and color combinations so that Plaintiff has no claim of acquired distinctiveness.

## **TENTH AFFIRMATIVE DEFENSE**
(Lack of Inherent Distinctiveness)

55. The trade dress asserted by Plaintiff is not inherently distinctive, and because Thundershirt has only identified color as an element of its trade dress, Thundershirt's alleged trade dress is incapable of being inherently distinctive as a matter of law.

## **ELEVENTH AFFIRMATIVE DEFENSE**
(Lack of Confusing Similarity)

56. Central Garden's accused products are not likely to cause confusion, mistake or to deceive as to the affiliation, association or connection with Plaintiff's pressure-applying products. Central Garden's accused products comprise Central Garden's design, and bear Central Garden's name and marks, and are distributed in a manner that clearly identifies Central Garden, not Plaintiff, as the source of the accused products.

## **TWELTH AFFIRMATIVE DEFENSE**
(The Asserted Trade Dress is Functional)

57. The trade dress asserted by Plaintiff is functional. Because Plaintiff has not alleged that its asserted trade dress is registered on the principal register, Plaintiff has the burden of proving that its trade dress is not functional.

## **THIRTEETH AFFIRMATIVE DEFENSE**
(Federal Preemption)

58. Plaintiff's claim for unfair and deceptive trade practices is barred or preempted

by federal preemption to the extent that the claim is based on alleged patent infringement.

## COUNTERCLAIMS

For its counterclaims Central Garden & Pet Company alleges as follows:

## NATURE OF ACTION

1. This is an action for declaratory judgment where there is a case and controversy relating to whether Central Garden & Pet Company infringes U.S. Patent No. 8,459,211 ("the '211 Patent") and whether Central Garden infringes Plaintiff's alleged trade dress. Central Garden has denied Plaintiff Thundershirt LLC's allegations that Central Garden has infringed or is infringing the '211 patent. Central Garden contends, among other things, that it has not infringed and is not infringing the '211 patent, and that the '211 patent is invalid, unenforceable, and/or void. Central Garden seeks, therefore, a declaratory judgment that it has not infringed and is not infringing the '211 patent and that the '211 patent is invalid, unenforceable, and/or void. Central Garden has also denied Plaintiff's allegations that Central Garden has infringed or is infringing Plaintiff's alleged trade dress. Central Garden contends, among other things, that it has not infringed and is not infringing Plaintiff's trade dress and that Plaintiff does not have trade dress for its Thundershirt pet garments. This is also an action seeking damages for Plaintiff's tortious interference with Central Garden's contracts and business relations in connection with the distribution and sale of certain pet products manufactured and/or supplied by CEVA Animal Health, LLC and unfair and deceptive trade practices under N.C. Gen. Stat. § 75 *et. seq.*

## THE PARTIES

2. Defendant Central Garden & Pet Company ("Defendant" or "Central Garden") is a Delaware public corporation, having a place of business at 1340 Treat Boulevard, Suite 600, Walnut Creek, California 94597.

3. Upon information and belief, Plaintiff ("Plaintiff" or "Thundershirt") is a limited liability company organized under the laws of the State of Delaware, having a place of business at 905 Jackie Robinson Drive, Durham, North Carolina 27701. Plaintiff makes, sells, and/or distributes pet-related products, including pet garments and pet diffusers and pheromone products.

4. Central Garden sells pet-related products, including pet garments and pet diffusers and pheromone products.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

6. This Court has personal jurisdiction over Plaintiff by virtue of, *inter alia*, the filing of its Complaint against Central Garden.

7. Based on Plaintiff's filing of its Complaint, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I
(Declaration of Noninfringement of the '211 Patent)

8. The allegations of paragraphs 1 through 7 are incorporated by reference as if stated fully herein.

9. Plaintiff has alleged in Claim 1 of its Complaint that Defendant has infringed claim 14 of the '211 patent.

10. An actual and judiciable controversy exists between Defendant and Plaintiff regarding Plaintiff's allegations that Central Garden has infringed the '211 patent.

11. Plaintiff has not alleged that Defendant infringes any claim of the '211 patent other than claim 14.

12. Central Garden has not infringed and is not infringing, either literally or under the

doctrine of equivalents, any valid and enforceable claim of the '211 patent either directly or indirectly.

13. As a result of the admissions, representations, and/or amendments made during the prosecution of the application that resulted in the issuance of the '211 patent by or on behalf of the applicants in order to obtain the issuance of the '211 patent, Plaintiff is estopped from asserting or obtaining any construction for any claim of the '211 patent that would result in any finding that Central Garden has infringed any claim of the '211 patent.

14. Central Garden requests entry of a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, that Central Garden has not infringed and is not infringing the '211 patent.

## COUNT II
(Declaration of Invalidity of the '211 Patent)

15. The allegations of paragraphs 1 through 7 are incorporated by reference as if stated fully herein.

16. An actual and judiciable controversy exists between Central Garden and Plaintiff regarding the validity of the '211 patent.

17. The claims of the '211 patent are invalid under 35 U.S.C. §§ 101, 102 and/or 103, including for, but not limited to, one or more of the following grounds: (1) the alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicants for the '211 patent; (2) the alleged invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for the '211 patent in the United States; (3) the alleged invention was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicants for the '211 patent; (4) before the applicants' alleged invention,

the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it; and/or (5) if the alleged invention is not identically disclosed or described as set forth in Section 102, then the differences between the alleged invention and the prior art are such that the alleged invention as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which the subject matter of the alleged invention pertains.

18. The claims of the '211 patent are invalid under 35 U.S.C. § 112, including for, but not limited to, one of the following grounds: (1) the specification of the '211 patent does not set forth a full, clear written description of the alleged invention claimed in the patent; (2) the specification of the '211 patent does not enable a person of ordinary skill in the art to practice the alleged invention without undue experimentation; and/or (3) the claims of the '211 patent do not point out and distinctly claim the subject matter which the applicants regard as their alleged invention and are therefore indefinite.

19. Central Garden requests entry of a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 that the '211 patent is invalid, unenforceable, and/or void under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT III
(Declaration of Non-Infringement of Alleged Trade Dress)

20. The allegations of paragraphs 1 through 7 are incorporated by reference as if stated fully herein.

21. An actual and judiciable controversy exists between Central Garden and Plaintiff regarding Plaintiff's allegation that Central Garden has infringed Plaintiff's alleged trade dress.

22. There is no likelihood of confusion between Central Garden's Comfort Zone garment and any trade dress owned by Thundershirt.

13

23. Central Garden's pet garment does not include any non-functional elements that are likely to cause confusion with any non-functional element of Plaintiff's pet garment.

24. Plaintiff's alleged trade dress does not indicate the source of goods, is generic, is not distinctive, is functional, and/or is confusing to the public.

25. Central Garden's pet garment does not include any non-functional elements that are likely to cause confusion with any non-functional element of Plaintiff's pet garment.

26. The only design element of its pressure-applying garments that Thundershirt identifies as comprising its trade dress is the color gray used on the fabric from which the THUNDERSHIRT CLASSIC pressure-applying pet garments are constructed.

27. Plaintiff sells pressure-applying pet garments made of fabric having a pink color.

28. Plaintiff sells pressure-applying pet garments made of fabric having a green color.

29. Plaintiff sells pressure-applying pet garments made of fabric having a blue color.

30. Plaintiff sells pressure-applying pet garments made of fabric having a red color.

31. Plaintiff sells pressure-applying pet garments made of fabric having a "camo" color.

32. Plaintiff sells pressure-applying pet garments made of fabric having a platinum color.

33. Plaintiff sells pressure-applying pet garments made of fabric having a gray or grey color.

34. Central Garden requests entry of a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 that Central Garden is not infringing and has not infringed Plaintiff's alleged trade dress.

35.

## COUNT IV
**(Tortious Interference with Contractual and Business Relations)**

36. The allegations of paragraphs 1 through 7 are incorporated by reference as if stated fully herein.

37. Central Garden and CEVA Animal Health, LLC ("CEVA") entered into a valid and enforceable contract on or about January 1, 2016 and in force until December 31, 2017 under which CEVA granted Central Garden, *inter alia*, exclusive rights to distribute certain CEVA pet-related products, including various pheromone liquids, sprays, and diffusers (hereinafter "CEVA Products"), in the Pet Specialty Channels, namely the stores of PetCo Animal Supplies, Inc. (hereinafter "PetCo"), and PetSmart, Inc. (hereinafter "PetSmart"), and the internet commerce/ecommerce websites of PetCo and PetSmart in the United States.

38. Plaintiff was not a party to, or third-party beneficiary of, Central Garden's contract with CEVA.

39. Upon information and belief, Plaintiff was aware of Central Garden's contract with CEVA and Central Garden's exclusive distribution rights thereunder.

40. Upon information and belief, prior to the termination of Central Garden's contract with CEVA, Plaintiff entered into discussions with CEVA to distribute CEVA Products in the Pet Specialty Channels in the U.S.

41. Prior to the termination of Central Garden's contract with CEVA, Plaintiff began distributing one or more CEVA Products to PetSmart and/or a wholly owned subsidiary of PetSmart, and PetCo and/or a wholly owned subsidiary of PetCo, both of which are in the Pet Specialty Channels in the U.S.

42. Upon information and belief, despite Plaintiff's knowledge of Central Garden's contract with CEVA and without justification, Plaintiff has encouraged and/or caused CEVA to

breach the contract and supply one or more CEVA products to Plaintiff for distribution in the Pet Specialty Channels in the U.S.

43. Upon information and belief, Plaintiff acted intentionally or with the substantial certainty that Plaintiff's conduct would cause CEVA to supply CEVA Products to Plaintiff for distribution through the Pet Specialty Channels in the U.S.

44. Upon information and belief, Plaintiff's conduct has harmed and interfered with Central Garden's contract with CEVA.

45. Plaintiff's interference with Central Garden's contract with CEVA has caused damage to Central Garden, including without limitation, lost profits on sales of CEVA Products in an amount to be proven at trial.

## COUNT V
(Unfair and Deceptive Trade Practices)

46. The allegations of paragraphs and 36-44 are incorporated herein by reference as if stated fully herein.

47. Upon information and belief, Plaintiff's acts alleged herein have been willful, reckless, wanton, egregious, unfair, unethical, deceptive, and/or unscrupulous.

48. Plaintiff's conduct is in or affecting commerce and constitutes unfair and deceptive acts or practices, within the meaning of N.C. Gen. Stat. 75.1-1, *et. seq*.

49. Plaintiff's conduct has caused Central Garden to suffer damages, including without limitation, lost profits on sales of CEVA Products.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Central Garden demands a trial by jury of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant, Central Garden & Pet Company respectfully requests that this Court enter a judgment in favor of Central Garden:

(a) Dismissing Plaintiff's Complaint with prejudice;

(b) Declaring that Central Garden has not infringed and is not infringing any claim of the '211 patent;

(c) Declaring that the claims of the '211 patent are invalid, unenforceable, and/or void under 35 U.S.C. §§ 101, 102, 103, and/or 112;

(d) Finding the case is exceptional and awarding Central Garden its reasonable attorneys' fees under 35 U.S.C. § 285;

(e) Declaring that Central Garden has not infringed and is not infringing any trade dress of Thundershirt and that Thundershirt has no trade dress rights in its Thundershirt pet garment;

(f) Awarding Central Garden attorneys' fees under 15 U.S.C. § 1117(a);

(g) Awarding Central Garden damages for Plaintiff's tortious interference with Central Garden's contractual and business relationship;

(h) Awarding Central Garden damages, including treble damages, for Plaintiff's unfair and deceptive trade practices;

(i) Awarding Central Garden its reasonable attorneys' fees under N.C. Gen. Stat. § 75-16.1;

(j) Awarding Central Garden the costs of this action against Plaintiff; and

(k) Granting Central Garden such additional and further relief as this Court deems just and proper.

Date: June 25, 2018

        Respectfully submitted,

        /s/ John P. Higgins_____
        John P. Higgins (N.C. State Bar No. 17442)
        John C. Nipp (N.C. State Bar No. 23406)
        Justin A. Jernigan (N.C. State Bar No. 38920)
        ADDITON, HIGGINS & PENDLETON & P.A.
        10706 Sikes Place, Suite 350
        Charlotte, North Carolina 28277
        Telephone: (704) 945-6704
        Facsimile: (704) 945-6735
        jhiggins@ahpapatent.com
        jnipp@ahpapatent.com
        jjernigan@ahpapatent.com

        *Attorneys for Defendant*
        *CENTRAL GARDEN & PET COMPANY*

# **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule LCvR 5.3(a) on this the 25th day of June, 2018.

<div style="margin-left:2em">

s/John P. Higgins
John P. Higgins

</div>